UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICHARD B. MOORE,

    Plaintiff,

v.                                                 Case No. 5:20-cv-57-RV/MJF

RICKY D. DIXON,[1]

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff has failed to prosecute this action and has failed to comply with court orders, the undersigned recommends that the District Court dismiss this action without prejudice.[2]

### I. BACKGROUND

On February 14, 2020, Plaintiff, a prisoner proceeding *pro se*, initiated this action against Defendant. Doc. 1. On November 16, 2020, Plaintiff filed a first amendment complaint. Doc. 20. On June 14, 2021, because Plaintiff's first amended

---

[1] Plaintiff's most recent complaint sued Mark Inch only in his official capacity. Doc. 20 at 6. Ricky D. Dixon succeeded Mark Inch as Secretary of the Florida Department of Corrections and automatically is substituted as Defendant. *See* Fed. R. Civ. P. 25(d); *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

[2] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

complaint violated the Local Rules of the United States District Court for the Northern District of Florida, the undersigned ordered Plaintiff to file a second amended complaint. Doc. 26. The undersigned imposed a deadline of July 14, 2021 to comply. The undersigned warned Plaintiff that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, and failure to comply with the Local Rules. *Id.* at 4. Plaintiff did not comply with the order.

On September 8, 2021, the undersigned ordered Plaintiff to explain and show cause why Plaintiff failed to comply with the undersigned's order of June 14, 2021. Doc. 29. The undersigned imposed a deadline of September 29, 2021 to comply. The undersigned again warned Plaintiff that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, and failure to comply with the Local Rules.

On September 27, 2021, Plaintiff responded to the undersigned's show-cause order and stated that he did not file an amended complaint because he could not read or write adequately without a new prescription for his glasses. Doc. 30. Plaintiff also (1) moved for appointment of counsel, (2) moved for the undersigned to "remove himself from the case," and (3) objected to filing his second amended complaint on the court-approved form. *Id.* at 2-3.

On October 19, 2021, the undersigned denied both Plaintiff's motions and overruled Plaintiff's objection. Doc. 31. The undersigned again ordered Plaintiff to file a notice of voluntary dismissal or a second amended complaint. *Id.* at 7. The undersigned imposed a deadline of November 9, 2021 to comply. The undersigned again warned Plaintiff that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to comply with the Local Rules, and failure to state a claim upon which relief can be granted. Plaintiff did not comply with the order.

On December 28, 2021, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of October 19, 2021. Doc. 32. The undersigned imposed a deadline of January 27, 2022 to comply. *Id.* at 1. The undersigned again warned Plaintiff—for a fourth time—that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to comply with the Local Rules, and failure to state a claim upon which relief can be granted. *Id.* As of the date of this report and recommendation, Plaintiff has not complied with the undersigned's order.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820,

827 (1996); *see, e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On October 19, 2021, the undersigned ordered Plaintiff to file a notice of voluntary dismissal or a second amended complaint. Doc. 31. Despite having over three months to comply with the undersigned's order, Plaintiff has not prosecuted this action in any respect. He also has not complied with the undersigned's order to

show cause. For these reasons, the undersigned recommends that this action be dismissed without prejudice.

### III. CONCLUSION

Because Plaintiff has failed to prosecute this action and has failed to comply with court orders, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice.

2. Order the clerk of the court to close this case.

At Pensacola, Florida, this <u>6th</u> day of February, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**